CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERROL WINTER, <br>     Petitioner, | ) <br> )    Civil Action No. 7:06-cv-00493 <br> ) |
| v. | )    **MEMORANDUM OPINION** <br> ) |
| TERRY O'BRIEN, WARDEN, <br>     Respondent. | )    By: Hon. James C. Turk <br> )    Senior United States District Judge <br> ) |

Petitioner Errol Winter, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Winter claims that he is being wrongfully confined in the special housing unit without due process. Having considered Winter's allegations, the court concludes that his petition must be dismissed as meritless.

I.

Winter alleges the following sequence of facts from which his § 2241 claims arise. Winter is incarcerated at the United States Penitentiary (U.S.P.)-Lee County in Jonesville, Virginia. On July 25, 2006,[1] during a random search of Winter's cell, officers discovered a weapon. As a result, Winter was placed in special housing. Officers later advised him that possession of the weapon was a criminal offense and that the Federal Bureau of Investigation (FBI) would be filing a criminal complaint against him.

Winter filed this petition on August 14, 2006. He complains that he has not yet had an initial appearance before a magistrate judge as to this criminal charge, in violation of his due process rights. He argues that the officer who placed him in segregation thereby made a warrantless arrest, but failed

---

[1] In his petition, Winter states that the search in question occurred on July 25, 2005, but the Incident Report offered as an exhibit states the date as July 25, 2006.

1

to transport Winter in a timely manner to make his initial appearance and answer to the charge. On grounds that this omission violated his due process rights, Winter seeks to have the charge dismissed.

II.

A criminal defendant "may invoke due process to challenge delay both before and after official accusation." Doggett v. United States, 505 U.S. 647, 655 n. 2 (1992). To determine whether pre-indictment delay violates the Due Process Clause of the Fifth Amendment, we examine: (1) whether the defendant can show that he has suffered any actual, substantial prejudice; and (2) if so, whether the reasons for the delay justify the prejudice to the defendant. United States v. Automated Med. Labs., Inc., 770 F.2d 399, 403 (4th Cir.1996) (noting that defendant's burden is a heavy one). Winter does not demonstrate that being housed in segregation has caused any harm to his ability to defend against a charge for weapon possession charge, if one is ever filed. Moreover, the state clearly has an important interest in delaying a formal charge against Winter until the investigation is complete. As of August 14, 2006, Winter had not been in segregation for even one month. The court cannot find that his allegations state any due process claim regarding the delay in bringing charges against him. Furthermore, Winter has no constitutional right to specific procedural protections before being placed in segregated confinement, as this status does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472 (1995).

Perhaps Winter is complaining that the delay of his initial appearance is a violation of his constitutional right to a speedy trial. This claim also fails. The Sixth Amendment right to a speedy trial is not triggered until an accused is formally charged or arrested. See Jones v. Angelone, 94 F.3d

900, 906 n.6 (4th Cir. 1996). Confinement in administrative or disciplinary segregation is not the equivalent of an arrest or accusation for purposes of the Sixth Amendment. See United States v. Daniels, 698 F.2d 221, 223 (4th Cir. 1983); United States v. Beason, 128 Fed. Appx. 974 (4th Cir. 2005) (unpublished). As Winter does not allege facts indicating that he has yet been formally accused (charged) or arrested for purposes of the Sixth Amendment, his speedy trial rights have not yet been triggered.

III.

In conclusion, the court cannot find that Winter's allegations give rise to any constitutional claim cognizable under § 2241. Therefore, the court will dismiss the petition in its entirety. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 22nd day of August, 2006.

*/s/ James C. Turk*
Senior United States District Judge